CALVIN E. DAVIS (SBN 101640)
AARON P. RUDIN (SBN 223004)
GORDON & REES LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
email: cdavis@gordonrees.com
arudin@gordonrees.com

Attorneys for Defendants
ORIENT FISHERIES, INC. dba OFI
MARKESA INTERNATIONAL and
RED CHAMBER CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANCO DE MEXICO, as Trustee for Fondo de Garantía y Fomento para las Actividades Pesqueras and Fondo Especial de Asistencia Técnica y Garantía Para Créditos Agropecuarios<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ORIENT FISHERIES, INC. dba OFI MARKESA INTERNATIONAL and RED CHAMBER COMPANY<br><br>　　　　　　Defendants. | CASE NO. CV 07-07043 GAF (AJW)<br><br>**PROTECTIVE ORDER** |

Having considered the Stipulation Regarding Protective Order submitted by the parties concurrently herewith, and finding good cause appearing for the same, the Court hereby issues the following Order:

**1**
**PROTECTIVE ORDER**

## RECITALS

A.  Plaintiff commenced this action by the filing of a complaint against Defendants on October 29, 2007, in the United States District Court, Central District of California;

B.  The discovery and pre-trial phase of this action involved and continues to involve the disclosure of information and documents which: Defendants believe to be protected as confidential and proprietary business and financial information including, but not limited to, financial statements, audits, bank loan documentation, bank statements and related documents of privately owned companies including employee/personnel information;

C.  Banco de México has minutes of the Habaire Trust technical committee, the disclosure of which is forbidden under Mexican law (i.e., *Ley Federal de Transparencia y Acceso a la Información* (Federal Law of Transparency and Access to Information), Art. 14 and 16; *Ley de Instituciones de Crédito* (Law of Credit Institutions), Art. 117 and 117-Bis.), and as to the disclosure of which administrative and criminal penalties can apply; and

D.  The parties therefore stipulate and request that Court enter the following order under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and applicable decisional law regarding the treatment of information designated confidential by any party to this matter.

## ORDER

1.  Proceedings and Information Governed.  This Order will govern any document, information, or other thing furnished or produced by any party to any other party in connection with this action, which may be produced in this action and designated by the producing party as "confidential information or material" as defined below.  The information protected includes, but is not limited to, information contained in responses to demands for identification and production of

documents or other things; responses to interrogatories; responses to requests for admission; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

2. <u>Confidential Information or Material Defined</u>. For purposes of this order, "confidential information or material" will mean all information or material (regardless of how generated, stored, or maintained) that:

    a. Is produced for or disclosed to a receiving party (Plaintiff or any Defendant); and

    b. Constitutes or contains confidential business, proprietary, or other commercially valuable information that qualifies for protection under the standards developed under Rule 26(c); and

    c. Is reasonably and in good faith designated by the producing party as "confidential information or material" by the producing party in compliance with Paragraph 3 of this Order.

3. <u>Designation of Confidential Information or Material</u>. The producing party may designate any documents as "confidential information or material" by stamping or affixing to the physical objects, documents, discovery responses, or deposition transcripts a stamp or other inscription that states: "Confidential."

The designation of any particular page of written material as "Confidential" shall indicate that all information contained on that page is "Confidential" unless otherwise indicated. To the extent possible, such designation shall be made so as not to interfere with the content of any such written material. The designation shall be removed from any exhibits used at trial.

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or

written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The parties shall not use mass, indiscriminate, or routinized designations.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

For information not reduced to written material, document, or other tangible item, or information that can not be conveniently designated as set forth in this paragraph, the producing party must designate the confidential information by giving written notice to the receiving party at the time the confidential information is produced. The written notice must clearly identify that part of the information being produced that is designated as "Confidential."

If a party elects to make its business records available to another party to this action for inspection and copying, in the manner in which the records are maintained by the party in the ordinary course of business, in lieu of producing specific documents, or in lieu of responding to interrogatories or other written discovery, the party making its business records available for inspection and copying is not required to stamp or affix to each document or record the words "Confidential," and in lieu thereof, the party can designate all of the records made available for inspection and copying by delivering to the inspecting party, or the inspecting party's agents and representatives, written notice, that provides "ALL OF THE DOCUMENTS MADE AVAILABLE BY [name of party] FOR YOUR INSPECTION AND COPYING ARE DEEMED CONFIDENTIAL, PURSUANT TO A PROTECTIVE ORDER DATED _____, ENTERED IN UNITED

STATES DISTRICT COURT- CENTRAL DISTRICT OF CALIFORNIA, CASE NO. CV 07-07043 GAF (AJW).

4. <u>Party's Own Information</u>. The restrictions on the use of "confidential information or material" established by this order apply only to the use by a party of "confidential information or material" received from another party to this action, or from a non-party to this action, and shall not apply to the use by a party of his/her/its own information.

5. <u>Persons Authorized to Receive Confidential Information and Material</u>. For purposes of this Order, the term "qualified recipient" of information and material that has been designated pursuant to the terms of this order shall mean:

(a) The parties to this action, including officers, directors, and other employees of the party to whom disclosure of confidential information is deemed necessary by that party for purposes of this action only;

(b) The attorneys of record in this action, attorneys employed in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action;

(c) Experts and consultants, consistent with the provisions of paragraph 10 below; and

(d) Any persons to whom the Court in this action orders that disclosures may be made.

(e) Any other person with prior written consent of the designating party.

6. <u>Challenges to and Removal of Confidential Designations</u>. Nothing in this Order shall preclude any party from challenging a designation of any

information or material as "Confidential" by any other party. If designated by a party as "Confidential" information and material will be so treated for all purposes, and shall continue to be treated as "Confidential" unless and until the court rules to the contrary. Any party may challenge or object to the designation as "Confidential" of any information and material and/or seek removal of particular items of "Confidential" information or material from this order by giving counsel for all other parties written notice of his/her/its intent to seek removal, which notice shall specify the items of "Confidential" information and material for which removal is sought. The written notice shall have attached a copy of such designated material or shall identify each subject document by production number or deposition page and shall state that the receiving party objects to the designation. The written notice shall be served by e-mail, facsimile, or overnight delivery. Counsel for the objecting party shall then initiate a conference in good faith in an effort to resolve any dispute concerning such designation. Counsel for the designating party shall have ten (10) calendar days from the date of service of the objection to provide any reasons for justifying the designation. If the objection cannot be resolved by agreement, the party objecting to the "Confidential" designation may make a motion to the court, subject to the rules applicable to discovery motions generally, to declassify such information. Nevertheless, the burdens of proof and persuasion will be on the designating party. No party to the action shall be deemed by treating information and/or material as "Confidential" to have conceded that the information actually is "Confidential."

       7.    <u>Use of "Confidential" Information or Material</u>. Any information or material designated as "Confidential" will be handled by the receiving party, and all other parties who receive copies of said information and/or material, in accordance with the terms of this order. Information and material designated as "Confidential" will be held in confidence by each receiving party, will be used by

each receiving party for purposes of this action and trial only and not for any business, competitive, or other purpose unless agreed to in writing in advance by all parties to this action or as authorized by further order of the court, and will not be disclosed to, or the substance discussed with, any person who is not a qualified recipient, except as provided in this order.

8. <u>Copies of "Confidential" Information or Material</u>. Nothing in this order shall prevent or otherwise restrict a qualified recipient from making working copies, abstracts, summaries, digests and analyses of "Confidential" information or material for use in connection with this action. All working copies, abstracts, summaries, digests and analyses will also be considered "Confidential" information or material under the terms of this order.

9. <u>Transmission of "Confidential" Information or Material</u>. Nothing in this order shall prevent or otherwise restrict the transmission or communication of "Confidential" information or material between or among qualified recipients of such material.

10. <u>Disclosure to Experts and Consultants</u>. If, in the exercise of his/her/its sole discretion, a qualified recipient determines it necessary to disclose a producing party's "Confidential" information or material to an independent (i.e., not party-affiliated) technical or business expert or consultant retained by the qualified recipient or his/her/its attorneys to assist in this action, whether or not such person is designated to testify as an expert at trial, the qualified recipient, prior to providing any "Confidential" information to the expert or consultant, will require the expert or consultant to agree to be bound by this Order.

11. <u>Court Proceedings</u>. Any party seeking to file with the court pleadings, motions, or other documents that contain or annex "Confidential" information is required to file a motion or application with the court to seal such records pursuant to the requirements of Local Rule 79-5.1 and to take whatever other and further

steps are necessary and required by the court to file such pleadings, motions, or other documents under seal.  This Protective Order is not intended to govern any trial in this action and any question concerning the use of confidential information at trial shall be addressed by further Court Order.

12. <u>Testimony</u>.  Notwithstanding any provision of this Order to the contrary, any person may be examined as a witness at deposition and may testify concerning all "Confidential" information of which the person is the author, addressee, or may have knowledge.  If the examination concerns "Confidential" information or material, the producing party will have the right to exclude from that portion of the deposition concerning the "Confidential" information or material any person other than the witness, the witness's attorney(s), and qualified recipients of the "Confidential" information or material.

13. <u>Subpoenas</u>.  If any person or party having possession, custody, or control of any "Confidential" information receives a subpoena or other process or order to produce "Confidential" information or materials, he/she/it will promptly:

    (a)    Notify in writing all attorneys of record;

    (b)    Furnish those attorneys with a copy of the subpoena or other process of order; and

    (c)    Provide reasonable cooperation with respect to a procedure to protect the "Confidential" information or material sought to be pursued by the party whose interests may be affected.  If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling.  If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this order.

**8**
**PROTECTIVE ORDER**

14. <u>Attorneys' Actions</u>.  Nothing in this Order will bar or otherwise restrict an attorney who is a qualified recipient from:

    (a)  Rendering advice to his or her client with respect to this action; or

    (b)  Generally referring to or relying on his or her examination of documents that have been produced under this order and that contain "Confidential" information.

15. <u>No Waiver</u>.  The taking of, or the failure to take, any action to enforce the provisions of this order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

    (a)  Is or is not relevant, material, or otherwise discoverable;

    (b)  Is or is not confidential or proprietary to any party;

    (c)  Is or is not entitled to particular protection; or

    (d)  Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.  In making this claim or defense, the party must comply with the procedures described in this order.  This order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this order, when convenience or necessity requires.  The procedures set forth in this order will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

16. <u>No Probative Value</u>.  This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with

**9**
**PROTECTIVE ORDER**

respect to any "Confidential" information or material. The fact that information is designated as "Confidential" under this order will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of all parties, the fact that information has been designated as "Confidential" under this order will not be admissible during the trial of this action, nor will the jury be advised of this designation. The fact that any information designated "Confidential" pursuant to this order is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information:

    (a)    Is or is not relevant, material, or otherwise admissible;

    (b)    Is or is not confidential or proprietary to any party;

    (c)    Is or is not entitled to particular protection; or

    (d)    Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

17.    <u>Return of Information and Materials</u>. At the conclusion of this action, all "Confidential" information or material will, within thirty (30) days of written request of the party furnishing the information or materials, be destroyed or returned to the party that furnished the "Confidential" information and material. All "Confidential" information not embodied in written materials, documents, or tangible items will remain subject to this order. For purposes of this paragraph, "conclusion of this action" shall mean, as to any party, the dismissal of that party from this action by Order of Court, whether by stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party after expiration of all appellate rights or the time for any such appeal.

**PROTECTIVE ORDER**

18. <u>Notices</u>.  Any of the notice requirements in this order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

19. <u>Binding on all Parties/Extension to Non-Parties</u>.  This Order shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives who receive notice of this order, and all other parties who appear in this case during the course of this litigation.  If non-parties produce documents and desire to have them produced under the terms of this Order, the parties agree to meet and confer and, if unable to agree, the non-parties may seek amendment to the Order by motion.

**IT IS SO ORDERED.**

DATED: April 24, 2009



_____

U.S. Magistrate Judge Andrew J. Wistrich

SF\9348330.1

CF/1054980/6545152v.1